CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

July 15, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| JOHN WALTER LOUIS GATES, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:25-cv-00799 |
| | ) | |
| K. CHISENHALL, et al., | ) | By: Hon. Robert S. Ballou |
| Defendants. | ) | United States District Judge |

**MEMORANDUM OPINION**

Plaintiff John Walter Louis Gates, a Virginia inmate proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983, alleging that he has been denied reasonable access to courts. Dkt. 1. Having reviewed this action pursuant to 28 U.S.C. § 1915A, the court will dismiss the Complaint for failure to state a claim upon which relief may be granted.

"Section 1983 imposes liability on state actors who cause the 'deprivation of any rights, privileges, or immunities secured by the Constitution.'" *Doe v. Rosa*, 795 F.3d 429, 436 (4th Cir. 2015). However, the court must dismiss any action filed by a prisoner against a state defendant if the claims are frivolous, malicious, or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(2). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555, 570 (2007).

## I.      Factual Background

Gates filed his Complaint in November 2025, while he was an inmate at Wallens Ridge State Prison, alleging constitutional violations related to his access to outbound legal mail in May 2025. Gates asserts that he attempted to send out a complaint against "Wallen [sic] Ridge State Prison" in May 2025. Dkt. 1. However, this complaint was not mailed out. *Id.* Gates avers that

unidentified individuals told him that because he was indigent, he had to fill out a "money withdrawl [sic] form." *Id.* Gates alleges that Defendant K. Chisenhall did not return his mail so that he could resend it to the Court along with the proper form. *Id.* Instead, Chisenhall sent him a "Returned Correspondence Notice" which stated that she had sent his complaint to the Chief of Housing and Programs, M. Pozeg. *Id.* When Gates reached out to M. Pozeg, however, Pozeg said he was never sent this piece of mail. *Id.* Gates then alleges that he "put into motion another civil suit." [1] Dkt. 1. Gates asks for unspecified "punitive," "physical," and "mental" relief. *Id.*

## II.    Law and Analysis

Gates alleges that defendants violated his constitutional rights by denying him access to the courts.[2] Inmates have a constitutional right to access to the courts. *Bounds v. Smith,* 430 U.S. 817, 817-18, (1977). However, for denial of access to constitute an infringement of rights, actual harm must be pled. *Lewis v. Casey*, 518 U.S. 343, 350-53 (1996). This requires an inmate to include in his or her complaint an underlying "nonfrivolous" "arguable" claim that was lost as a result of the alleged interference with access to the courts. *Christopher v. Harbury*, 536 U.S. 403, 415-16 (2002) (quoting *Casey*, 518 U.S. at 353).

Gates alleges that he attempted to mail out a complaint but was told that he had to fill out a form. He alleges that Defendants failed to return the complaint to him after it was not mailed out.

---

[1] It is unclear if "another civil suit" refers to a resubmission of the original complaint, the specific claims of which are never detailed, or to the instant suit. Gates did file two lawsuits in this court in July 2025: Case No. 7:25-cv-492 (W.D. Va.) and Case No. 7:25-cv-514 (W.D. Va.). Neither of these cases names Wallens Ridge State Prison as a defendant, but the defendants are prison employees.

[2] Applying the liberal pleading standard afforded to *pro se* parties, the court construes Gates' Complaint as asserting a claim for denial of reasonable access to courts. *See Odom v. Ozmint*, 517 F. Supp. 2d 764, 767 (D.S.C. 2007) ("[I]f the court can reasonably read the plaintiff's pleadings to state a cause of action, the court should read it as such despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." (cleaned up)).

Significantly, Gates does not allege that he was unable to rewrite and resubmit the same complaint along with the proper form, nor that he was otherwise prevented from pursuing his claim against Wallens Ridge State Prison. He seems to allege the opposite when he states that he "put into motion another suit." Dkt. 1. Gates fails to identify any claim or remedy that he has lost as a result of Defendants' actions, as is required to allege an access to courts claim. *Harbury*, 536 U.S. at 415-16; *Strickler v. Waters,* 989 F.2d. 1375, 1382 (4th Cir. 1993). He has therefore failed to state a claim upon which relief can be granted.

### III.    Conclusion

Accordingly, this action will be dismissed without prejudice under 28 U.S.C. § 1915A(b)(2) for failure to state a claim upon which relief may be granted. An appropriate order accompanies this memorandum opinion.

Entered:  July 15, 2026

*Robert S. Ballou*

Robert S. Ballou
United States District Judge